

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-87,516-02

### EX PARTE SPENCER PRUDHOMME, III, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. CR30358-B IN THE 253RD DISTRICT COURT
### FROM LIBERTY COUNTY

*Per curiam*.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to a single count of organized retail theft, and was sentenced to seven years' imprisonment. He did not appeal is conviction.

Applicant contends, among other things,[1] that is trial counsel rendered ineffective assistance because trial counsel failed to appear for various court settings, causing Applicant to lose the

_____

[1]This Court has considered Applicant's other claims and finds them to be without merit.

opportunity to accept a ten-month state jail plea offer. Applicant alleges that he wanted to go to trial on the charges, but that trial counsel told him that he would lose if he did so. Applicant alleges that trial counsel advised him that seven years was "the best he could do," and that he would only serve twenty-one months before being released.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claims of ineffective assistance of counsel. Specifically, trial counsel shall state whether a ten-month state jail plea offer was ever extended, and if so, whether trial counsel conveyed that offer to Applicant, whether Applicant indicated that he would accept such an offer, and why the offer was not accepted. Trial counsel shall describe all plea offers made in this case and shall state what advice, if any, he gave to Applicant with regard to his options of pleading guilty or going to trial on the charges. Trial counsel shall state what advice, if any, he gave to Applicant regarding how much time he would have to serve on this sentence before become eligible for parole and/or mandatory supervision, and before being released to parole and/or mandatory supervision. The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04.

The trial court shall first supplement the habeas record with copies of all of the plea

documents in this case, including any written plea agreement, admonishments, waivers and stipulations, and judicial confession. If the State introduced evidence to support the plea, the trial court shall supplement the habeas record with such evidence. The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: March 21, 2018
Do not publish